## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KERRI MATTHEWS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4-09-CV-00609** |
| | § | |
| **GOVERNMENT EMPLOYEES** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **DEFENDANT.** | § | |
| | § | |

## DEFENDANT'S EXPERT WITNESS DESIGNATION UNDER RULE 26(a)(2)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Government Employees Insurance Company ("GEICO"), Defendant in the above entitled and numbered cause, and pursuant to the Court's Order dated October 14, 2009 and Federal Rule of Civil Procedure 26(a) (2), makes and files this Expert Witness Designation as follows:

### I.

### EXPERT WITNESSES

Defendant designates the following individuals as expert witnesses who may be called upon to provide general and/or specific opinions and expert testimony in this case:

1.    James H. Yeager, Jr., Ph.D.
      Yeager Economics, Inc.
      14 Westpoint Drive
      Missouri City, Texas 77459

Dr. Yeager is an Economist. Dr. Yeager is expected to provide opinions in response to Plaintiff's claim of damages and economic consequences, if any. His

opinions are further addressed in his report which is attached hereto.  His curriculum

vitae is also being provided to Plaintiff.


2.      Ann Wigodsky, Ph.D.
        7557 Ramble Road, Ste. 711
        Dallas, TX  75231

Dr. Wigodsky is a Clinical Health Psychologist.  Dr. Wigodsky is expected to provide

opinions in response to Plaintiff's claims of depression, emotional pain, mental anguish

and suffering, if any.  Her opinions are further addressed in her report which is attached

hereto.  Her curriculum vitae is also being provided to Plaintiff


3.      Kimberly S. Moore, Esq.
        Strasburger & Price, LLP
        2801 Network Blvd., Suite 600
        Frisco, Texas  75034
        Tel. (469) 287-3900

4.      David N. Kitner, Esq.
        Strasburger & Price, LLP
        901 Main Street, Suite 4400
        Dallas, Texas  75202
        Tel. (214) 651-4300

        To the extent attorneys' fees are in controversy in this matter, Ms. Moore and/or

Mr. Kitner will testify regarding the reasonableness of and the necessity of such

attorneys' fees, costs and expenses.  Ms. Moore's and/or Mr. Kitner's testimony will be

based on such factors as: (1) the time and labor required; (2) the novelty and difficulty of

the issues; (3) the required skill to perform the legal service properly; (4) whether other

employment was precluded; (5) the customary fee in the locality for similar legal

services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by

the client or by the circumstances; (8) the amount involved and the results obtained; (9)

the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Since Ms. Moore and Mr. Kitner are not experts "retained or specifically employed to provide expert testimony" within the meaning of Federal Rule of Civil Procedure 26(a)(2)(B), therefore, a written report from each is not required.  Ms. Moore's and Mr. Kitner's *curriculum vitae* are attached hereto.

## II.

Further, Defendant GEICO reserves the right to elicit testimony from individuals designated by Plaintiff, if any.  In addition to the above designated experts, Defendant GEICO reserves its right to elicit expert opinions from any person appearing in the records and/or documents produced in this case, even if not specifically named above, who are shown to be qualified to testify to their area of expertise.  By reserving these rights, Defendant GEICO does not stipulate to the alleged qualifications of any such person as a testifying expert.  Defendant GEICO further reserves its right to call and/or examine any person identified in written discovery responses, even if not specifically named above, who are shown to be qualified to testify in their area of expertise. Defendant GEICO further designates and/or reserves the right to call and/or examine any experts that may be required for purposes of rebuttal.

Respectfully submitted,

**KIMBERLY S. MOORE**
STATE BAR NO.  00784629
**TIFFANY L. HAWKINS**
STATE BAR NO.  24050734

**STRASBURGER & PRICE, LLP**
2801 NETWORK BOULEVARD, SUITE 600
FRISCO, TEXAS 75034
469.287.3900
469.287.3999 Fax

**ATTORNEYS FOR DEFENDANT
GOVERNMENT EMPLOYEES
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on the 22ⁿᵈ day of December, 2009, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following who have consented in writing to accept this Notice as service of this document by electronic means.  A courtesy copy was also sent to the following via U.S. regular mail:

Leo Figueroa
The Herrera Law Firm
111 Soledad, Suite 1900
San Antonio, Texas  78205

KIMBERLY S. MOORE

**YEAGER ECONOMICS, INC.**
14 WESTPOINT DRIVE
MISSOURI CITY, TEXAS 77459
TELEPHONE: 281.431.6200
FACSIMILE: 281.431.0750

December 18, 2009

Ms. Kimberly S. Moore
Strasburger & Price, L.L.P.
2801 Network Boulevard, Suite 600
Frisco, Texas 75034

Re:   No. 4:09-CV-00609;  Kerri Matthews v. Government Employees Insurance
      Company;  In the United States District Court for the Southern District of
      Texas, Houston Division

Dear Ms. Moore:

You requested that I review and analyze certain documents that pertain to the
captioned matter.  You also requested that I determine the valuation of economic
loss that is associated with the separation of Ms. Kerri Matthews from
employment with Government Employees Insurance Company ("GEICO") on
December 20, 2007 (the date of incident).  You further requested that I review
and analyze the November 20, 2009 report of Keith Wm. Fairchild.  I have
completed this assignment and present my methodology, analysis and findings
within this report.


Findings

The valuation of economic loss, measured on an after tax basis (after the
deduction of income taxes and social security taxes), is $13,978.  This economic
loss is composed of two components:

• a past economic loss, the valuation of which is determined from my analysis
  of the interval between the date of incident and the date of trial;
• a future economic loss, the valuation of which is determined from my
  analysis of the interval between the date of trial and the end of worklife
  expectancy.

The valuation of past economic loss, measured on an after tax basis (after the
deduction of income taxes and social security taxes), is $13,978, and the
valuation of future economic loss, measured on an after tax basis (after the

Ms. Kimberly S. Moore
December 18, 2009
page 2

deduction of income taxes and social security taxes), is $0.  There is no past
economic loss on or after March 1, 2008 because Ms. Matthews should have
obtained alternative employment at her capacity level of income on or around
this date.  There is no future economic loss because there is no loss of future
earnings capacity.

The valuation of economic loss, measured after the deduction of income taxes
(no social security tax deduction), is $15,168.  This economic loss is composed of
two components:

- a past economic loss, the valuation of which is determined from my analysis
  of the interval between the date of incident and the date of trial;
- a future economic loss, the valuation of which is determined from my
  analysis of the interval between the date of trial and the end of worklife
  expectancy.

The valuation of past economic loss, measured after the deduction of income
taxes (no social security tax deduction), is $15,168, and the valuation of future
economic loss, measured after the deduction of income taxes (no social security
tax deduction), is $0.  There is no past economic loss on or after March 1, 2008
because Ms. Matthews should have obtained alternative employment at her
capacity level of income on or around this date.  There is no future economic
loss because there is no loss of future earnings capacity.

The methodology and analysis that support my findings are presented in the
following sections of the report.


Earnings Capacity at Time of Incident

I assume that Ms. Matthews' earnings capacity at the date of incident can be
determined from her earnings during the 0.97 year interval between the
beginning of 2007 and the date of incident.  These partial year earnings result in
an annual earnings capacity, measured as of the date of incident, of $76,557.

Ms. Kimberly S. Moore
December 18, 2009
page 3


Value of Benefits at Time of Incident

I assume that as a consequence of Ms. Matthews' employment, she would receive employer-provided insurance and participate in an employer-provided retirement/savings plan.

According to information available from the U.S. Department of Labor, Bureau of Labor Statistics ("BLS"), the value of employer-provided health insurance was $1.83 per hour worked in 2007.  BLS data also indicate that the value of other employer-provided insurance and an employer-provided retirement/savings plan is approximately 8.0 percent of an employee's income.

I have incorporated this information and data into my analysis, and my results indicate that the annual monetary value of Ms. Matthews' benefits at the time of the incident was $9,602.


Worklife Expectancy

In my opinion, a scientifically reliable determination of Ms. Matthews' worklife expectancy must incorporate the findings of BLS Bulletin 2254, which is entitled *Worklife Estimates: Effects of Race and Education*.  This publication contains the most current data on remaining worklife expectancy, and its findings are based upon an individual's age, sex, race, educational attainment, and labor force status.

According to the tables contained in BLS Bulletin 2254, a 32.10 year old female worker with high school to 14 years of education who is active in the labor force would have a remaining worklife expectancy of 21.03 years.   Since these characteristics describe Ms. Matthews as of the date of incident (she was born on November ■, 19■), my analysis incorporates the finding that Ms. Matthews had a remaining worklife expectancy of 21.03 years as of December 20, 2007.

Ms. Kimberly S. Moore
December 18, 2009
page 4

Post Incident Earnings

In my analysis of Ms. Matthews' post incident earnings, I utilize data available from the Bureau of Labor Statistics and the Census Bureau.

In my opinion, Ms. Matthews' earnings after the date of incident are dependent upon the individual and societal factors that determine wage income.  These factors incorporate the productivity and age-earnings profile of individuals with the educational attainment of Ms. Matthews, as well as her availability for employment opportunities.  The age-earnings profile is a well established economic concept, the results of which show that the rate of increase in an individual's wage income declines as the individual moves from one decade of life to the next.

Taxes

The valuation of economic loss is shown on an after tax basis through the development of two scenarios.  The first scenario deducts income taxes and social security taxes, while the second scenario deducts income taxes (no deduction for social security taxes).

Duration of Unemployment

Ms. Matthews should have been able to obtain alternative employment at her capacity level of income on or around March 1, 2008.  This outcome would have occurred if Ms. Matthews would have initiated a reasonable search of the labor market for additional employment opportunities as of the date of incident.

My opinion is supported by U.S. Department of Labor data for the median duration of unemployment.  According to this information, the median duration of unemployment was less than nine weeks during the first quarter of 2008.  The resulting ability of unemployed workers to obtain positions of employment within a relatively short period of time is due to their ability to create value in the marketplace.

Ms. Kimberly S. Moore
December 18, 2009
page 5

If Ms. Matthews has been unable to find alternative employment that replicates her 2007 earnings at GEICO, I conclude one of the following:
- Ms. Matthews has an earnings capacity that is less than her 2007 earnings at GEICO;
- Ms. Matthews has not mitigated her economic loss by conducting a reasonable search of the labor market for additional employment opportunities;
- Ms. Matthews has an earnings capacity that is less than her 2007 earnings at GEICO, and Ms. Matthews has not mitigated her economic loss by conducting a reasonable search of the labor market for additional employment opportunities.

## Valuation of Past Economic Loss

The valuation of past economic loss, measured on an after tax basis (after the deduction of income taxes and social security taxes), is $13,978. Measured after the deduction of income taxes (no social security tax deduction), the valuation of past economic loss is $15,168. There is no past economic loss on or after March 1, 2008 because Ms. Matthews should have obtained alternative employment at her capacity level of income on or around this date.

## Valuation of Future Economic Loss

There is no future economic loss because there is no loss of future earnings capacity.

## Valuation of Economic Loss

The valuation of economic loss, measured on an after tax basis (after the deduction of income taxes and social security taxes), is $13,978. This total economic loss is composed of a past economic loss in the amount of $13,978 and a future economic loss in the amount of $0. There is no past economic loss on or after March 1, 2008 because Ms. Matthews should have obtained alternative employment at her capacity level of income on or around this date. There is no future economic loss because there is no loss of future earnings capacity.

Ms. Kimberly S. Moore
December 18, 2009
page 6

The valuation of economic loss, measured after the deduction of income taxes (no social security tax deduction), is $15,168. This total economic loss is composed of a past economic loss in the amount of $15,168 and a future economic loss in the amount of $0. There is no past economic loss on or after March 1, 2008 because Ms. Matthews should have obtained alternative employment at her capacity level of income on or around this date. There is no future economic loss because there is no loss of future earnings capacity.

Additional Opinions

In addition to my findings on the valuation of economic loss, I have concluded that the methodology and analysis contained in the Fairchild report of November 20, 2009 are defective, and the Fairchild findings are scientifically unreliable.

The Fairchild methodology and analysis are defective for the following reasons:
- The Fairchild methodology and analysis do not incorporate well established tenets of economics which address the analysis of an equilibrium wage rate;
- The Fairchild methodology and analysis do not incorporate the mitigation of economic loss;
- The Fairchild analysis does not take into account the age-earnings factor, which relates to the fact that the rate of increase in earnings declines as a worker ages;
- The Fairchild assertion of a future loss that persists through 2031 is inconsistent with well established tenets of economics.

Ms. Matthews should have been able to obtain alternative employment at her capacity level of income on or around March 1, 2008. This outcome would have occurred if Ms. Matthews would have initiated a reasonable search of the labor market for additional employment opportunities as of the date of incident.

The science of economics must be utilized in the valuation of an economic loss. Based upon the Fairchild resume, I note the following:
- Fairchild does not have an undergraduate degree in economics;
- Fairchild does not have a graduate degree in economics;
- Fairchild does not have any work experience as an economist.

Ms. Kimberly S. Moore
December 18, 2009
page 7


## Concluding Comments

I have reviewed the following documents that pertain to the captioned matter:

- Complaint;
- Plaintiff's designation of experts;
- Tax documents pertaining to Kerri Matthews;
- Employment documents pertaining to Kerri Matthews;
- Plaintiff's answer to interrogatory number 3;
- Transcript of the deposition testimony of Kerri Matthews taken November 2, 2009;
- Report of Keith Wm. Fairchild dated November 20, 2009.

My hourly billing rate for professional services rendered on this assignment is $350.00.

My opinions are based upon my education and professional experience as a Ph.D. economist.

I reserve the right to amend, modify, or supplement my findings based upon the receipt of additional data or information.


James H. Yeager, Jr., Ph.D.

# JAMES H. YEAGER, JR., PH.D.
# YEAGER ECONOMICS, INC.

James H. Yeager, Jr., Ph.D., has analyzed economic and financial issues for more than twenty-five years, and he has held positions as a business economist, corporate executive, and university professor.

As a consequence of his business experience, Dr. Yeager has a comprehensive background in the analysis of corporate profitability and the determination of economic valuation. In addition, he has frequently provided advice on acquisitions, divestitures, and investments in the equity and bond markets. Dr. Yeager has also analyzed labor market conditions throughout his career, and he is highly experienced in the analysis of occupational employment, life cycle earnings, and worklife expectancies. Moreover, he has an extensive record of accurately forecasting future economic and financial market conditions.

Dr. Yeager has also served as an expert on litigation matters. He has been retained by major U.S. law firms to testify on complex issues of commercial litigation and the valuation of economic loss associated with injury, death, and employment law suits. He has also been retained by major law firms in England and Scotland, and he has testified in the Court of Session in Scotland on the losses associated with the Piper Alpha accident.

In addition to his business experience, Dr. Yeager has held positions in academia. He served as an economics professor at Auburn University, and he has held adjunct faculty positions at Tulane University, the University of New Orleans, and the University of Akron. In addition, he has taught at Texas A&M University, where he earned his Ph.D. in Economics in 1973.

## PROFESSIONAL EXPERIENCE

Economist
Yeager Economics, Inc.
May 1997 - present
- Analyze economic and financial issues for clients

## JAMES H. YEAGER, JR., PH.D.
## YEAGER ECONOMICS, INC.

**PROFESSIONAL EXPERIENCE**
- - - continued - - -

Principal / Economist
Schwartz, Yeager & Spilker, Inc.
December 1993 – April 1997
- Analyzed economic and financial issues for clients

Principal / Economist
Yeager & Associates, Inc.
September 1991 – November 1993
- Analyzed economic and financial issues for clients

Chief Economist
McDermott International, Inc.
July 1979 – August 1991
- Analyzed economic, financial and strategic issues for senior management
- Provided macro and micro forecasts to all levels of management
- Increased profits by more than $150 million through consultation and advice to the Chairman and Chief Executive Officer

Corporate Economist
The B.F. Goodrich Company
July 1977 – June 1979
- Analyzed economic and financial issues for operating and staff personnel
- Provided macro and micro forecasts to all levels of management

Assistant Professor of Economics
Auburn University
January 1974 – June 1977
- Taught courses on microeconomic theory, macroeconomic theory and policy, and business forecasting
- Undertook and completed research projects

Graduate Student / Research Assistant / Teaching Assistant
Texas A&M University
July 1970 – December 1973
- Assisted faculty members with research projects
- Taught courses on the principles of economic theory
- Earned Ph.D. in Economics

# Listing Of Cases In Which James H. Yeager, Jr., Ph.D.,
## Has Testified As An Expert At Trial And/Or Deposition
## 2005 - 2009

No. 2008-00877; Saybe v. Continental Airlines, Inc., et al;  In the 295th Judicial District Court of Harris County, Texas; deposition testimony

No. 2008-40776; Gray v. Palletized Trucking, Inc., et al;  In the 215th Judicial District Court of Harris County, Texas; deposition testimony

No. 2008-28902; Hayes v. InterMoor Inc., et al;  In the 234th Judicial District Court of Harris County, Texas; deposition testimony

No. 2008-11970; Mendez, et al v. Ace Transportation, Inc., et al; In the 11th Judicial District Court of Harris County, Texas; deposition testimony

No. 3:07-cv-0920; Gay v. Augusta Barge Company and Five B's, Inc.;  In the 212th Judicial District Court of Galveston County, Texas; trial testimony

No. A179-723; Cano v. King Fisher Marine Service, L.P.;  In the 58th Judicial District Court of Jefferson County, Texas; deposition testimony

No. 2006-71627; Enright v. Goodman Appliance Holding Company and Goodman Global, Inc.;  In the 152nd Judicial District Court of Harris County, Texas; trial testimony

No. A175-526; Walker v. Beaumont Rehab Associates Limited Partnership d/b/a HealthSouth Rehabilitation Hospital of Beaumont;  In the 58th Judicial District Court of Jefferson County, Texas; deposition testimony

No. 2006-18656; Blanco, et al v. TN Master Tile, L.P., et al; In the 189th Judicial District Court of Harris County, Texas; deposition testimony

No. 3:07-cv-00202; Pallis v. United States of America; In the United States District Court for the Southern District of Texas, Houston Division; trial testimony

No. 2005-74494; Bryant v. Key Energy Services, Inc., et al; In the 157th Judicial District Court of Harris County, Texas; deposition testimony

No. 2006-28718; Clunn Acoustical Systems v. Builders Gypsum Supply, L.L.P., et al; In the 190th Judicial District Court of Harris County, Texas; deposition testimony

No. 2:07-cv-372; Green, et al v. Blitz U.S.A., Inc., et al; In the United States District Court for the Eastern District of Texas, Marshall Division; deposition testimony

No. G-07-12; Bonefont v. U.S. Shipping Partners, L.P., et al; In the United States District Court for the Southern District of Texas, Galveston Division; trial testimony

No. H-06-3614; Roy v. International Guards, Inc., et al; In the United States District Court for the Southern District of Texas, Houston Division; trial testimony

## Listing Of Cases In Which James H. Yeager, Jr., Ph.D., Has Testified As An Expert At Trial And/Or Deposition 2005 - 2009

- - page 2 - -

No. 26185; Vallin v. Johnson et al; In the 63rd Judicial District Court of Val Verde County, Texas; deposition testimony

No. 06-cv-151845; Jones, et al v. Bison Building Materials, Ltd., et al; In the 268th Judicial District Court of Fort Bend County, Texas; deposition testimony

No. 2006-42270; Gibbs, et al v. Seacor Marine, L.L.C., et al; In the 127th Judicial District Court of Harris County, Texas; deposition testimony

No. 2005-16308; Floris v. Tetra Applied Technologies, Inc., et al; In the 295th Judicial District Court of Harris County, Texas; trial testimony

No. C-22457-2006; Vazquez v. Pilgrim's Pride Corporation;  In the District Court of Nacogdoches County, Texas; deposition testimony

No. 2005-54424; Ortuno v. Winkler Villa Apartments, et al; In the 215th Judicial District Court of Harris County, Texas; deposition testimony

No. 43,827; Mercier, et al v. Kruttlin, et al; In the 88th Judicial District Court of Hardin County, Texas; trial testimony

No. H-05-4081; Right of Way Maintenance Company v. Gyro-Trac, Inc. et al; In the United States District Court for the Southern District of Texas, Houston Division; deposition testimony and trial testimony

No. 362,395-401; Burnett, et al v. BFI Waste Services of Texas, L.P., et al; In Probate Court No. 1; Harris County, Texas; deposition testimony

No. 2005-54413; Laxey v. Drilling Labor Services PTE LTD and Pride Central America, L.L.C.; In the 334th Judicial District Court of Harris County, Texas; deposition testimony

No. 2004-20320; Viveros, et al v. General Motors Corporation, et al; In the 334th Judicial District Court of Harris County, Texas; deposition testimony

No. G-05-539; Ponce, et al v. M/V ALTAIR;  In the United States District Court for the Southern District of Texas, Galveston Division; trial testimony

No. G-05-423; Green v. SeaRiver Maritime, Inc. and S/R MARE ISLAND; In the United States District Court for the Southern District of Texas, Galveston Division; trial testimony

No. G-05-057; Kirksey v. P&O Ports Texas, Inc., et al; In the United States District Court for the Southern District of Texas, Galveston Division; trial testimony

No. 2003-49565; Risker v. Shah, et al; In the 189th Judicial District Court of Harris County, Texas; deposition testimony

### Listing Of Cases In Which James H. Yeager, Jr., Ph.D., Has Testified As An Expert At Trial And/Or Deposition 2005 - 2009

- - page 3 - -

No. 2004-63897; Allen v. Talen's Landing, Inc., et al; In the 333rd Judicial District Court of Harris County, Texas; deposition testimony

No. G-05-253; Cryer v. Trinity Catering, Inc., et al; In the United States District Court for the Southern District of Texas, Galveston Division; deposition testimony

No. C-1301-05-D; Galan, et al v. Navistar International Transportation Corp., et al; In the 206th Judicial District Court of Hidalgo County, Texas; deposition testimony

No. 2004-12573; Walls v. Noble Corporation, et al; In the 127th Judicial District Court of Harris County, Texas; deposition testimony and trial testimony

Corporate Solutions, Inc. and Corporate Solution Services, Inc. v. American Financial Corporation, et al; In the 332nd Judicial District Court of Hidalgo County, Texas; deposition testimony

No. 2004-3-14554; Hurtado v. T.W. LaQuay Dredging, Inc.; In the 24th Judicial District Court of Calhoun County, Texas; deposition testimony

No. 2005-24694; Key Energy Services, Inc. v. Gary R. Wood and Energy Fishing and Rental Services, Inc.; In the 127th Judicial District Court of Harris County, Texas; deposition testimony

No. 2004-09874; Johnson v. Todco Management Services, Inc., et al; In the 61st Judicial District Court of Harris County, Texas; trial testimony

No. 2004-CI-07975; Aldavera v. B.J. Tidwell Industries, Inc., d/b/a Cardell Kitchen and Bath Cabinetry; In the 225th Judicial District Court of Bexar County, Texas; deposition testimony

No. A172484; Haltom, et ux v. Gulf State Boats, L.L.C.; In the 58th Judicial District Court of Jefferson County, Texas; deposition testimony

No. 03-12-09910-DCN; Duncan, et al v. Venture Transport, Inc., et al; In the 293rd Judicial District Court of Dimmit County, Texas; deposition testimony

# ANN WIGODSKY, Ph.D.
## CLINICAL HEALTH PSYCHOLOGIST

7557 RAMBLER ROAD #711
DALLAS, TEXAS 75231-2306
(214) 363-6391
FAX (214) 363-8316

THE LAS COLINAS
MEDICAL GROUP
349 E. LAS COLINAS BLVD.
IRVING, TEXAS 75039-5518

December 22, 2009

Re: Civil Action No. 4:09-cv-00609

Kerri Matthews vs. Geico

Review of Psychological and Medical Material

I have reviewed material (Exhibit 1) concerning Ms. Kerri Matthews. She has been treated for depression for several years and for Post partum depression after the birth of one of her children, according to the medical records supplied by Dr. Debbie Jalbert. Ms. Matthews stated in her deposition that she had seen someone for mental health issues while she was in high school but has not sought treatment from a mental health professional since she left Geico. According to the American Psychological Association, over 15 million people have some form of depression. The National Institute of Mental Health reports that more than 10 million people are on some type of antidepressant. One observation from Ms. Matthews deposition is that she has started her own business and is taking care of her children. She appears to have meaningful social and interpersonal relationships and is able to work and function in her environment with little impairment.

I reserve the right to supplement this report after I have had the opportunity to review other material. I may supplement this report if I deem there is pertinent information. My fees are $150.00 per hour for preparation and consultation and $200.00 per hour ofr deposition and trial. I also charge for reasonable expense such as travel. Exhibit 2 shows the cases I have been involved with in the last 5 years. Exhibit 3 shows my curriculum vitae.

Ann Wigodsky, Ph.D.

Licensed Psychologist #22793

Exhibit 1

Civil Action No:4:09-cv-00609

Kerri Matthews vs. Geico

1. Plaintiff's original petition
2. Records for M. Davis, Inc. dba Collision One
3. Geico's response to the EEOC charge No. 451-2008-01296
4. Kerri Matthews rebuttle toEEOC for charges No. 451-2008-01296
5. Medical records of Family Practice Associates, Dr. Debbie Jalbert
6. Deposition of Kerri Matthews 11/02/2009, pages 1 – 260.

Exhibit 2

Civil Action No:4:09-cv-00609

Kerri Matthews vs. Geico

Cases

Jessica Taylor v. Richardson Automotive II, L.P. d/b/a Toyota of Richardson

Cause No:3:05-cv-2397D


Amie Lorraine Owens v. Government Employees Insurance Company

Cause No: 3-03-cv-1730-D


Pam Owens v. Datatrac Information Services, Inc.

Cause No: 3:03-cv-01181N


Rosemary Covalt v. Jo Ann Marie Pintar and Houston Federation of Teachers

Local 245

Civil Action No. 4:07-cv-01595

Exhibit 4

## CURRICULUM VITAE

Ann Wigodsky, Ph.D.
7557 Rambler Rd. Suite 711
Dallas, Texas 75231
Tel 214.363.8391  Fax 214.363.8316
Email: annwigodsky@sbcglobal.net

## LICENSURE

Texas State Board of Examiners of Psychologists #22793
Health Service Provider in Psychology #33059

## EDUCATION

Ph.D., 1982, Clinical Psychology                     University of North Texas
                                                     San Antonio, Texas

M.S., 1977, Clinical Psychology                      Trinity University
                                                     San Antonio, Texas

B.A., 1975, Psychology                               Trinity University
                                                     San Antonio, Texas

## EMPLOYMENT

Private Practice (1984 to present)                   Dallas, Texas
Private practice offices in Dallas and Irving Texas. Engaged in independent practice of
psychology providing assessment and therapy services to adults. Consultation services to
referring physicians, attorneys and other professionals. Diagnostic evaluations for initial
assessment and differential diagnosis psychological disorders.  Treatment with adults
including depression, mood disorders, post-traumatic stress disorder (PTSD), anxiety,
panic attacks, and stress-related medical conditions.

Consultant Plano Child Guidance Clinic (1984)             Plano, Texas

Post Doctoral Internship Lewis and Associates (1983)      Dallas, Texas

Clinical Internship, Dallas County Mental Health (1981-1982)    Dallas, Texas

Ann Wigodsky, Ph.D.
Page 2

Psychotherapist Dallas County Mental Health (1977-1979)          Dallas, Texas
Diagnostician responsible for administering projective and non-projective test batteries to
individuals having severe mental illness in an acute treatment setting. Presented
psychological evaluations and testimony for the Mental Illness Court of Dallas County.
Responsible for delivering individual and group psychotherapy to inpatient populations.

PROFESSIONAL MEMBERSHIPS

American Psychological Association
Texas Psychological Association
Association for Women in Psychology
Feminist Therapy Institute